**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2301-18T2

SUE ANN ERICKSON,

     Plaintiff-Appellant,

v.

JEFFREY GULICK, SHARON
GULICK, BOROUGH OF
WASHINGTON, BOROUGH
OF WASHINGTON SHADE
TREE COMMISSION, and
BOROUGH OF WASHINGTON
PUBLIC WORKS,

     Defendants-Respondents.

_____

          Submitted October 31, 2019 – Decided April 23, 2020

          Before Judges Alvarez and Nugent.

          On appeal from the Superior Court of New Jersey, Law Division, Warren County, Docket No. L-0248-17.

          Gary T. Steele, attorney for appellant (Gary T. Steele and Gregory D. Emond, on the briefs).

Law Office of Patricia Palma, attorneys for respondents Jeffrey Gulick and Sharon Gulick (Jane C. Nehila, on the brief).

Gebhardt & Kiefer, PC, attorneys for respondents Borough of Washington, Borough of Washington Shade Tree Commission, and Borough of Washington Public Works (Robert C. Ward and Tracy Brooke Bussel, on the brief).

PER CURIAM

Plaintiff, Sue Ann Erickson, appeals from the summary judgment dismissal of her complaint against defendants Jeffrey Gulick, Sharon Gulick, and the Borough of Washington. In her complaint, plaintiff alleged she sustained injuries when she fell on a sidewalk negligently maintained by the Gulicks, who owned the adjacent residence. She also alleged the Borough was liable under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 to 12-3, for maintaining a dangerous condition of public property as defined in N.J.S.A. 59:4-2.

On appeal, plaintiff raises the following argument points:

Point I:

THE TRIAL COURT IMPROPERLY DETERMINED THAT DEFENDANTS GULICK WERE ABSOLUTELY IMMUNE FROM LIABILITY FOR THE FAILURE TO REPAIR/IMPROPER MAINTENANCE OF THE SIDEWALK ADJACENT TO THEIR RESIDENTIAL PROPERTY.

A-2301-18T2

Point II:

THE TRIAL COURT IMPROPERLY DETERMINED
DEFENDANT BOROUGH OF WASHINGTON TO
BE IMMUNE FROM LIABILITY UNDER THE NEW
JERSEY TORT CLAIMS ACT.

In separate comprehensive written decisions, Judge Thomas C. Miller determined plaintiff failed to establish material facts from which a jury could find the Gulicks breached a duty to plaintiff, the condition of the sidewalk was a dangerous condition of public property as defined in the Tort Claims Act, or that plaintiff sustained injuries that were "permanent" as defined in N.J.S.A. 59:9-2(d), a prerequisite for recovering pain and suffering damages against a public entity. Judge Miller construed the facts developed on the summary judgment record in the light most favorable to plaintiff as required by Rule 4:46-2(c), exhaustively analyzed the cases and legal principles relevant to those facts, and correctly derived his legal conclusions from his application of the law to the material facts.

We affirm, substantially for the reasons expressed by Judge Miller in his written decisions. Plaintiff's arguments warrant no further discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

3                                          A-2301-18T2